IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATARZYNA G., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-01965-BT |
| | § | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Katarzyna G.'s[1] civil action seeking judicial review under 42 U.S.C. § 405(g) of a final decision by the Commissioner of Social Security denying her claim for disability insurance benefits (DIB). For the reasons explained below, the Commissioner's decision is **AFFIRMED**.

## *Background*

Plaintiff, who was born in 1979, alleges that she became disabled on September 1, 2021, due to Crohn's disease, arthritis, joint pains, dizziness, an intestinal ulcer, abdominal pain, diarrhea, depression, and fatigue. Admin. R. at 83, 226, 229 (ECF No. 7-1).[2] Plaintiff completed four or more years of college and

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Citations to the administrative record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.

has past relevant work experience as an admissions clerk; secretary; technical training coordinator; and administrative assistant. *Id.* at 40, 230.

On February 4, 2022, Plaintiff applied for DIB under Title II of the Social Security Act (the "Act"). *Id.* at 195–201 (application for DIB). The Social Security Administration denied her claim initially and upon reconsideration. *Id.* at 111, 122–124. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who conducted a telephone hearing on April 29, 2024. *Id.* at 125 (request for hearing), 184 (consent to telephone hearing).

On June 10, 2024, the ALJ issued a decision finding that Plaintiff has not been under a disability within the meaning of the Act from her alleged onset date through the date of the decision, and thus not entitled to DIB. *Id.* at 42. As an initial matter, the ALJ found that Plaintiff met the insured status requirements under the Act through December 31, 2023. *Id.* at 21.

Using the five-step sequential evaluation, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff experienced the following severe impairments: Crohn's disease, anemia, fibromyalgia, anxiety disorder, depressive disorder, lumbar spine disorder, right knee osteoarthritis, and obesity. *Id.* The ALJ then determined that Plaintiff had the Residual Functional Capacity (RFC) to perform a range of light work as defined in 20 C.F.R. § 404.1567(b). *Id.* at 28. At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work. *Id.* at 40–41. However, at step five, the ALJ concluded that,

considering her age, education, work experience, and RFC, she could perform other jobs that exist in significant numbers in the national economy. *Id.* at 41. And, based on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff could work as a patcher, dowel inspector, and table worker, and that these jobs existed in significant numbers in the national economy. *Id.*

Plaintiff appealed the ALJ's decision to the Appeals Council, which found no basis for changing the ALJ's decision. *Id.* at 6. Plaintiff then filed this action in federal district court, arguing that the ALJ improperly relied on "antiquated or obsolete jobs that do not really exist anymore in the current economy," Pl.'s Br. at 7 (ECF No. 17), to determine that she was not disabled,

***Legal Standard***

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were used. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam). The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but

scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. The Court "may affirm only on the grounds that the Commissioner stated for his decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## *Analysis*

Plaintiff argues that ALJ erroneously determined that a significant number of jobs existed in the national economy that Plaintiff could perform. Specifically, Plaintiff contends that the ALJ improperly relied on "antiquated or obsolete" jobs to find she was not disabled. Pl.'s Br. at 7 (ECF No. 17). In response, the Commissioner contends that Plaintiff forfeited this argument by failing to ask the VE a "single question." Resp. Br. at 7 (ECF No. 20). And, regardless of any forfeiture, the Commissioner asserts that Plaintiff has not established that the occupations relied on by the ALJ at step five are antiquated, or that the ALJ erred in relying on the uncontested VE testimony. *Id.* at 4–6.

The Court first addresses the Commissioner's forfeiture argument. In support of this argument, the Commissioner cites *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000) and *Bailey v. Saul*, 853 F. App'x 934 (5th Cir. 2021). *Id.* at 4. Both cases are factually distinguishable from the present case. *Carey* distinguishes between direct and implied conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT). *Carey*, 230 F.3d at 145–47. However, *Carey* explains that "claimants should not be permitted to scan the record for implied or

unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Id.* at 146–47. Similarly, *Bailey* addresses whether a party forfeited an argument that a VE's opinion conflicted with the DOT. *Bailey*, 853 F. App'x at 937. The Court found that the party forfeited a misclassification argument because the VE's testimony did not mischaracterize the DOT's description of the occupation at issue, and the classification did not obviously conflict with the job duties. *Id.* at 937-38.

Courts in this District have addressed forfeiture in circumstances involving alleged conflicts between VE testimony and the RFC or DOT. *See, e.g.*, *Wise v. Barnhart*, 101 F. App'x 950, 951 (5th Cir. 2004) (per curiam) (rejecting challenge to ALJ hypothetical question to VE because plaintiff's representative "was afforded an opportunity to correct any perceived deficiencies"); *Powell v. Kijakazi*, 2023 WL 2563738, at *14 (N.D. Tex. Feb. 27, 2023) (Ramirez, J.) (finding that the plaintiff forfeited argument that VE testimony conflicted with DOT because counsel failed to present conflicts through cross examination), *adopted by*, 2023 WL 2563088 (N.D. Tex. Mar. 17, 2023) (Fish, J.); *Barlett v. Colvin*, 2015 WL 4041848, at *6 (N.D. Tex. July 2, 2015) (Horan, J.) (finding that the plaintiff "cannot challenge in this Court any implied conflict that he failed to raise at the hearing"). But none of those cases addresses the specific argument presented here; that is, whether a claimant forfeits a challenge to the existence or continued

viability of occupations identified by a VE when the claimant did not question the VE about that issue at the administrative hearing.

However, the Court has independently located other cases within the Fifth Circuit addressing more analogous scenarios. In *Guidry v. Comm'r of Soc. Sec.*, the plaintiff challenged the ALJ's conclusion that she could perform a significant number of jobs that exist in the national economy. 2021 WL 9181116, at *4 (E.D. La. Dec. 7, 2021), *adopted by*, 2022 WL 2986685 (E.D. La. July 28, 2022). The court found that a significant number of jobs existed in the national economy but also noted that the plaintiff "did not question the VE's testimony or provide evidence to rebut her testimony." *Id.* at *5. Consequently, the Court held that the plaintiff "cannot now be heard to complain of the adequacy of the VE's testimony when she did not believe it worthy of cross-examination at the oral hearing." *Id.*

Further, in *Sanchez v. Saul*, the plaintiff argued that "the ALJ's reliance on the VE's testimony regarding the number of jobs in the national economy that he could perform was reversible error because the VE relied on the outdated DOT[.]" 2020 WL 51136, at *4 (W.D. Tex. Jan. 2, 2020). The plaintiff specifically argued that the DOT was rendered obsolete by another government database, the Occupational Information Network or O*NET. *Id.* The court determined that the plaintiff forfeited this argument because the attorney did not object to the VE's testimony and did not cross-examine the VE at the administrative hearing. *Id.* Therefore, the court concluded there was no reversible error. *Id.* (citing *Wise v.*

*Barnhart*, 101 F. App'x 950, 951 (5th Cir. 2004)) and *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016)).

And in *Rodriguez v. Comm'r Soc. Sec.*, the plaintiff argued that 15,000 jobs in the national economy did not represent a significant number to satisfy the burden at step five. 2023 WL 2334440, at *9 (N.D. Tex. Feb. 15, 2023) (Cureton, J.), *adopted by*, 2023 WL 2335659 (N.D. Tex. Mar. 2, 2023) (Pittman, J.). The court found that the ALJ correctly relied on the VE's testimony that the plaintiff could perform a significant number of jobs in the national economy, and therefore, the ALJ's decision was supported by substantial evidence. *Id.* at *10. The court also found that "whether the job number is sufficient is a moot point." *Id.* The court concluded that the plaintiff's attorney "had ample opportunity to question the VE regarding the validity of the job numbers" and if the plaintiff "wanted to question the basis of the VE's job numbers, his attorney should have raised the issue at the hearing." *Id.* Thus, without an objection, the "ALJ was within his discretion to rely solely on the uncontested VE testimony." *Id.* (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019)).

Although Plaintiff correctly notes that "the Supreme Court has 'cautioned against forfeitures arising from non-adversarial agency proceedings,' *Ambriz v. Kijakazi*, 2022 WL 855987, at *6 (W.D. Tex. Mar. 23, 2022) (citing *Carr v. Saul*, 593 U.S. 83, 89–90 (2021)), courts in the Fifth Circuit are also cautioned to consider 'concerns that claimants might lie behind the log or invent new arguments only after the ALJ has ruled." *McKinley v. O'Malley*, 2025 WL 928827, at *7 (W.D.

Tex. Mar. 27, 2025). Plaintiff's reliance on *Sims v. Apfel* does not alter the analysis. Reply at 2 (ECF No. 21). *Sims* held that "[c]laimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." 530 U.S. 103, 112 (2000). *Sims* does not address forfeiting challenges to VE testimony for failure to cross-examine or object at the administrative hearing.

Here, the ALJ did not commit reversible error by relying on the VE's testimony on the availability of a significant number of jobs in the national economy. At the conclusion of the VE's testimony, Plaintiff's counsel affirmatively stated that he had no questions for the VE. Admin. R. at 80 (ECF No. 7-1). And at no point during the VE's testimony did Plaintiff's attorney object. *Id.* at 75–80. The Court finds that the present case is analogous to *Guidry*, *Sanchez*, and *Rodriguez*. Therefore, the Court holds that Plaintiff has forfeited the sole issue she raises on appeal.

Even if Plaintiff had not forfeited her challenge, it would fail on the merits. This Court has repeatedly held that "[w]hether the DOT is outdated is not a determination this Court can make." *Ryan v. Comm'r Soc. Sec.*, 2026 WL 1347418, at *8 (N.D. Tex. May 14, 2026) (Ray, J.) (collecting cases). As the Commissioner correctly notes, Plaintiff has not cited any binding authority holding that the jobs identified here—dowel inspector, patcher, and table worker—are antiquated or obsolete. Resp. Br. at 4 (ECF No. 20). Instead, the cases relied on by Plaintiff address the jobs of document preparer and addresser, which have been found

obsolete by courts. *See* Pl.'s Br. at 7–9 (ECF No. 17) (citing nonbinding case law and cases discussing the document preparer and addresser positions); *see also* *Aguirre v. Kijakazi*, 2023 WL 6467516, at *25 (S.D. Tex. Sep. 13, 2023) (collecting cases finding that the jobs of addresser and document preparer are obsolete), *adopted by*, 2023 WL 6465873 (S.D. Tex. Oct. 4, 2023); *Hardine v. Comm'r Soc. Sec.*, 2021 WL 1098483, at 1 (N.D. Miss. June 8, 2022) (discussing the job of addresser). Furthermore, other cases within this circuit have affirmed ALJ decisions finding that a plaintiff was not disabled because they could perform the jobs of a dowel inspector, patcher, and table worker. *See, e.g.*, *Ray v. Astrue*, 299 F. App'x 443, 443 (5th Cir. 2008) (per curiam) (affirming ALJ decision that determined the plaintiff could perform the job of dowel inspector); *Powell*, 2023 WL 2563738, at *14 (same as to patcher and table worker positions). Therefore, the Court declines to hold that the jobs of dowel inspector, patcher, and table worker are obsolete.

The ALJ was entitled to rely on the VE's testimony, and Plaintiff has not demonstrated that the ALJ's step five determination lacks substantial evidentiary support.

## ***Conclusion***

For the reasons stated, the Court concludes that Plaintiff has forfeited her challenge to the VE's testimony concerning the availability of jobs in the national economy. In any event, Plaintiff has not demonstrated that the occupations identified by the VE are obsolete or that the ALJ's step five determination is

unsupported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

**SO ORDERED.**

August 24, 2026.

‘

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE